UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JULIE CAYASSO,

    Plaintiff,

v.                                Case No.:

FIRSTSOURCE ADVANTAGE, LLC, f/k/a
FIRSTSOURCE FINANCIAL SOLUTIONS, LLC,
f/k/a FIRSTSOURCE FINANCIAL SOLUTIONS, INC.,
and ALLIANCE ONE, INC., and PUBLIC HEALTH TRUST
OF MIAMI DADE COUNTY, FLORIDA, d/b/a
JACKSON MEMORIAL HOSPITAL,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JULIE CAYASSO [hereinafter "Plaintiff"], alleges violation(s) of the Florida Consumer Collection Practices Act and pursuant to Florida Statutes § 559.55 et seq. [hereinafter "FCCPA"] versus FIRSTSOURCE ADVANTAGE, LLC, f/k/a FIRSTSOURCE FINANCIAL SOLUTIONS, LLC, f/k/a FIRSTSOURCE FINANCIAL SOLUTIONS, INC., (hereinafter 'FIRSTSOURCE") and ALLIANCE ONE, INC., [hereinafter "ALLIANCE"] and PUBLIC HEALTH TRUST OF MIAMI DADE COUNTY, FLORIDA, d/b/a JACKSON MEMORIAL HOSPITAL, [hereinafter "JACKSON"] for deceptive and illegal debt collection practices. Plaintiff, JULIE CAYASSO, further alleges violations of the Fair Debt Collection Practices Act pursuant to 15 USC 1692 et seq. against FIRSTSOURCE and ALLIANCE. Plaintiff seeks damages of $5,000.00, from each named Defendant.

    1.     Unlike the F.D.C.P.A., the Florida Consumer Collection Practices Act is not restricted solely to third party debt collectors. While the Act does not define the term "person," it mandates that "no person" shall engage in certain practices in collecting consumer claims

1

whether licensed by the division or not. This court has held that this language includes all allegedly unlawful attempts at collecting consumer claims. Williams v. Streeps Music Co., 333 So. 2d 65, 67 (Fla. 4th DCA 1976).

## LEGAL STANDARD

2. The characterization of the FDCPA as a strict liability statute is generally accepted. See, e.g., LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir. 2010). Pursuant to Florida Statute 559.55(2), ("FCCPA"), "nothing in this part shall be continued to limit or restrict the applicability of the Fair Debt Collection Practices Act to consumer collection practices in this state. This part is in addition to the requirements and regulations of the federal act. In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer shall prevail."

## Trial By Jury

3. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all counts stated within and any issues so triable.

## Jurisdiction and Venue

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant to 15 U.S.C. § 1692 et seq ("FDCPA"), and pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq.

5. This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasion of Plaintiff's personal and financial privacy by this Defendant and its agent in its illegal effort to collect a consumer debt from Plaintiff.

6. Venue is proper in this because the alleged acts and transactions complained of occurred here, Plaintiff resides here, and the Defendant transacts and/or conduct business here, and Defendant illegally attempted to collect a debt from Plaintiff within this venue.

## Parties

7. Plaintiff is a natural person who currently resides in Miami, Florida.

8. Plaintiff is a "consumer" as defined by the FCCPA. See Fla. Stat. § 559.55(2), and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Plaintiff originally received medical care and treatment as a result of a compensable workers compensation accident while employed by Defendant JACKSON, on or about May 22, 2008. More specifically, while performing her normal job duties as a registration clerk on that date, Plaintiff injured multiple body parts which were ultimately accepted as compensable pursuant to the workers compensation system. The workers compensation claim was immediately accepted as compensable by the workers compensation carrier. Plaintiff retained counsel to represent her for this workers compensation claim, and they filed a Petition for Benefits requesting medical care and treatment which was ultimately approved. All medical care and treatment that Plaintiff received and is currently being dunned for was for her workers compensation claim. Plaintiff became alerted to the fact in approximately 2011, that JACKSON had placed all of the workers compensation bills on her credit report, and destroyed the same. Plaintiff immediately contested these erroneous entries, and the credit reporting agency contacted JACKSON, who removed the erroneous entries. Accordingly, Defendant JACKSON was then under a duty pursuant to 559.72 (6) to disclose to all third parties that Plaintiff disputed this debt. Upon information and belief, and therefore alleged, Plaintiff complied with the law and imparted knowledge of the dispute to Defendants.

3

10. Despite having actual knowledge that all of the bills were due to a compensable workers compensation accident, and having actual knowledge that Plaintiff is represented by counsel, Defendant JACKSON continues to repeatedly contact Plaintiff by telephone and demand payment for the bills at issue. Defendant JACKSON has also inexplicably conspired with ALLIANCE and FIRSTSOURCE, and have jointly and in concert continued to contact Plaintiff for payment of the bills at issue. ALLIANCE and FIRSTSOURCE upon information and belief have actual knowledge that Plaintiff is represented by counsel and that the bills at issue are workers compensation bills because Defendant JACKSON has provided them with documents indicating the same. ALLIANCE and FIRSTSOURCE have both sent dunning letters to Plaintiff's home within the past 8 months and have also telephoned Plaintiff demanding payment. The letters and telephone calls referenced above were "communications" as that term is contemplated by the FDCPA and the FCCPA.

11. All Defendants are "debt collectors" as contemplated by the Florida Consumer Collection Practices Act as the FCCPA applies to original creditors who are attempting to collect their own debts. Therefore, Defendant JACKSON is a "debt collector" for purposes of the Florida Consumer Collection Practices Act. See Craig v. Park Fin. Of Broward County, Inc., 390 F.Supp.2nd 1150, 1154 MD Fla 2005). ALLIANCE and FIRSTSOURCE are "debt collectors" per the FDCPA. All Defendants have illegally communicated with Plaintiff and attempted to collect a debt that Plaintiff does not owe.

12. As a result of all Defendant actions violating provisions of the FCCPA the Plaintiff incurred substantial damage, including but not limited financial damage. See Fla. Stat. § 559.72(9).

**Factual Allegations**

13.     Pursuant to Chapter 440 et seq., it is illegal to bill injured employees for authorized care that is received as a result of a worker's compensation accident. The FDCPA is a strict liability statute (480 F3d 493 (7th Cir.2007), and as a result, a debt collector is responsible under many provisions of the FDCPA for a deviation from the FDCPA's requirements without regard to intent or knowledge or the willingness of the violation.  As noted in the FCCPA, "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer shall prevail."

14.     Due to Defendant's poor account resources and deficient billing practices, apparently Plaintiff was charged an invalid and improper amount on an account that Plaintiff was not legally liable for.

**COUNT 1 AS TO JACKSON**
**VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT 555.72(9)**

Defendant expressly and willfully claimed and/or threatened to enforce an alleged debt owed by Plaintiff that Defendant(s) knew was not legitimate, had no legal right to, and was inaccurate and/or invalid.  See Fla. Stat. § 559.72(9) (2011) (stating that it is unlawful for a debt collector to "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist").

15.     Defendant has actual knowledge that Plaintiff's medical treatment was as a result of a compensable workers compensation accident. Because the Plaintiff's medical treatment was due to a compensable workers compensation claim, Defendant is restricted as a matter of law to collecting from the workers compensation carrier.

16. As a result of the above violations of the FCCPA, Defendant is liable to the Plaintiff for actual damages and statutory damages of $1,000.00 per named Defendant found liable, together with attorney's fees and all costs of Plaintiff's representation.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against all Defendant(s) for all of the following:

    a. Actual damages;
    b. Statutory damages pursuant to Fla. Stat. 559.72(2);
    c. Reasonable Attorneys' fees pursuant to Fla. Stat. §559.77(2);
    d. Such other and further relief as the Court may deem to be just and proper.
    e. Plaintiff respectfully demands trial by jury in this action.

### COUNT 2 AS TO JACKSON
### VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT 559.72 (18)

17. Defendant expressly and willfully communicated with Plaintiff despite having actual knowledge that Plaintiff was represented by Rosenberg & Rosenberg, P.A. Plaintiff told Defendant this repeatedly, and Defendant has been receiving paperwork from Plaintiff's attorneys for more than 4 years.

18. The foregoing act and omission of the Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

19. As a result of the above violations of the FCCPA, Defendant is liable to the Plaintiff for actual damages and statutory damages of $1,000.00 per named Defendant found liable, together with attorney's fees and all costs of Plaintiff's representation.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant(s) for all of the following:

    a. Damages; and

    b. Statutory damages pursuant to Fla. Stat. 559.72(2);

    c. Reasonable Attorneys' fees pursuant to Fla. Stat. §559.77(2);

    d. Such other and further relief as the Court may deem to be just and proper.

    e. Plaintiff respectfully demands trial by jury in this action.

### COUNT 1 AS TO ALLIANCE
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The foregoing act and omission of the Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

22. As a result of the Defendant's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant(s) for all of the following:

    a. Damages; and

    b. Attorneys' fees and costs.

## COUNT 2 AS TO ALLIANCE
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Defendants falsely represented the character of the alleged debt that was allegedly owed to Defendant.

25. Defendants attempted to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant(s) for all of the following:

    a. Damages; and
    b. Attorneys' fees and costs.

## COUNT 3 AS TO ALLIANCE
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f(1)

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Defendants falsely represented the character of the alleged debt that was allegedly owed to Defendant.

28. The alleged debt that Defendant attempted to collect from Plaintiff was not expressly authorized by the agreement creating the alleged debt nor was it permitted by law.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against all Defendant(s) for all of the following:

    a. Damages; and

    b. Attorneys' fees and costs.

### COUNT 4 AS TO ALLIANCE
### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### 555.72(9)

Defendant expressly and willfully claimed and/or threatened to enforce an alleged debt owed by Plaintiff that Defendant(s) knew was not legitimate, had no legal right to, and was inaccurate and/or invalid. See Fla. Stat. § 559.72(9) (2011) (stating that it is unlawful for a debt collector to "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist").

29. Defendant has actual knowledge that Plaintiff's medical treatment was as a result of a compensable workers compensation accident. Because the Plaintiff's medical treatment was due to a compensable workers compensation claim, Defendant is restricted as a matter of law to collecting from the workers compensation carrier.

30. As a result of the above violations of the FCCPA, Defendant is liable to the Plaintiff for actual damages and statutory damages of $1,000.00 per named Defendant found liable, together with attorney's fees and all costs of Plaintiff's representation.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant(s) for all of the following:

    a. Damages; and

    b. Statutory damages pursuant to Fla. Stat. 559.72(2);

      c. Reasonable Attorneys' fees pursuant to Fla. Stat. §559.77(2);

      d. Such other and further relief as the Court may deem to be just and proper.

      e. Plaintiff respectfully demands trial by jury in this action.

## COUNT 1 AS TO FIRSTSOURCE
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing act and omission of the Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

33. As a result of the Defendant's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against all Defendant(s) for all of the following:

      a. Damages; and

      b. Attorneys' fees and costs.

## COUNT 2 AS TO FIRSTSOURCE
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Defendant falsely represented the character of the debt that was allegedly owed to Defendant.

36. Defendants attempted to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against all Defendant(s) for all of the following:

    a. Damages; and

    b. Attorneys' fees and costs.

## COUNT 3 AS TO FIRSTSOURCE
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f(1)

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Defendants falsely represented the character of the alleged debt that was allegedly owed to Defendant.

39. The alleged debt that Defendant attempted to collect from Plaintiff was not expressly authorized by the agreement creating the alleged debt nor was it permitted by law.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against all Defendant(s) for all of the following:

    a. Damages; and

    b. Attorneys' fees and costs.

## COUNT 4 AS TO FIRSTSOURCE
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
## 555.72(9)

Defendant expressly and willfully claimed and/or threatened to enforce an alleged debt owed by Plaintiff that Defendant(s) knew was not legitimate, had no legal right to, and was inaccurate and/or invalid.  See Fla. Stat. § 559.72(9) (2011) (stating that it is unlawful for a debt collector to "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist").

40.    Defendant has actual knowledge that Plaintiff's medical treatment was as a result of a compensable workers compensation accident. Because the Plaintiff's medical treatment was due to a compensable workers compensation claim, Defendant is restricted as a matter of law to collecting from the workers compensation carrier.

41.    As a result of the above violations of the FCCPA, Defendant is liable to the Plaintiff for actual damages and statutory damages of $1,000.00 per named Defendant found liable, together with attorney's fees and all costs of Plaintiff's representation.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant(s) for all of the following:

       a. Damages; and
       b. Statutory damages pursuant to Fla. Stat. 559.72(2);
       c. Reasonable Attorneys' fees pursuant to Fla. Stat. §559.77(2);
       d. Such other and further relief as the Court may deem to be just and proper.
       e. Plaintiff respectfully demands trial by jury in this action.

## Relief Requested

WHEREFORE, based on the above stated in this complaint Plaintiff has been the subject of Defendant's abusive and unfair practices in their debt collection activity was in violation of the FCCPA and the FDCPA. Plaintiff respectfully requests this Honorable Court to enter judgment in favor of the Plaintiff on all counts and requested forms of relief and against all Defendants.

Dated: February 8, 2013                          Respectfully Submitted,

<div style="margin-left: 3em;">
s/ J. Dennis Card, Jr.  
J. Dennis Card, Jr., Esq.  
Email: Dcard@Consumerlaworg.com  
Florida Bar No.: 0487473  
Consumer Law Organization, P.A.  
2501 Hollywood Boulevard, Suite 100  
Hollywood, Florida 33020  
Telephone: (954) 921-9994  
Facsimile: (954) 921-9533  
Attorney for Plaintiff
</div>