UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 13-20487-CIV-MORENO

JULIE CAYASSO,

    Plaintiff,

vs.

FIRSTSOURCE ADVANTAGE, LLC, f/k/a
Firstsource Financial Solutions, LLC, f/k/a
Firstsource Financial Solutions, Inc.; ALLIANCE
ONE, INC.; and PUBLIC HEALTH TRUST OF
MIAMI-DADE COUNTY, FLORIDA, d/b/a
Jackson Memorial Hospital,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE came before the Court upon a *sua sponte* examination of the record.

THE COURT has considered the pertinent portions of the record and is otherwise fully advised in the premises. Defendant Public Health Trust of Miami-Dade County, Florida filed its Motion to Dismiss Plaintiff's Complaint **(D.E. No. 7)** on **March 21, 2013**. Accordingly, a response from Plaintiff Julie Cayasso was due no later than **April 8, 2013**. Cayasso filed a motion for an extension of time on April 18, 2013 which the Court denied on April 25, 2013. As of the current date, Cayasso has not filed a response to Public Health Trust's motion to dismiss.

Under Southern District of Florida Local Rule 7.1(c), "[e]ach party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion." S.D. Fla. R. 7.1(c). "Failure to do so may be deemed sufficient cause for granting the motion by default." *Id.* As a result, the Court has the authority to grant Public Health Trust's motion to dismiss

by default due to Cayasso's failure to file a response.

Even so, the Court nonetheless agrees with Public Health Trust that Cayasso has failed to state a claim in Counts I and II of her complaint under Federal Rule of Civil Procedure 12(b)(6). Under Rule 8, a plaintiff must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When ruling on a motion to dismiss under Rule 12(b)(6), a court must view the complaint in the light most favorable to the plaintiff and assume the veracity of well-pleaded factual allegations. *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). However, this tenet does not apply to legal conclusions, and such conclusions "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Though a proper complaint "does not need detailed factual allegations," it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). At a minimum, a plaintiff must present "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In this case, Cayasso has only provided conclusory allegations that Public Health Trust violated the Florida Consumer Collection Practices Act by threatening to enforce a debt that it knew was illegitimate and communicated with her after learning that she was represented by an attorney. Regarding Count I, Cayasso does not allege any specific instances of communication from Public Health Trust and contains conflicting accounts of whether the debt itself was actually illegitimate. In truth, Cayasso offers nothing more than an unsupported assertion that Public Health Trust knew that her bills were due to a compensable worker's compensation accident. In relation to Count II, Cayasso similarly provides an unsubstantiated allegation that Public Health Trust continues to

contact her despite having "actual knowledge" that she is represented by an attorney. The complaint at no point provides an indication of when Cayasso retained the attorney with respect to the debt or when Public Health Trust communicated with her thereafter. For these reasons, the Court finds that Cayasso has failed to state a claim in Counts I and II. Therefore, it is

**ADJUDGED** that Defendant Public Health Trust of Miami-Dade County, Florida's Motion to Dismiss Plaintiff's Complaint **(D.E. No. 7)**, filed on **March 21, 2013**, is GRANTED. Counts I and II of Plaintiff Julie Cayasso's complaint are therefore dismissed without prejudice and with leave for her to file an amended complaint no later than **July 12, 2013**.

DONE AND ORDERED in Chambers at Miami, Florida, this 24 day of June, 2013.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record